UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-against-

KEVIN MOORE,

Defendant.

**MEMORANDUM AND ORDER**
Case No. 1:95-cr-01162-FB-2

*Appearances:*
*For the Government:*
SAMANTHA ALESSI
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 1120

*For the Defendant:*
KEVIN MOORE, *pro se*
46077-053
Federal Correctional Institution
Otisville
P.O. Box 1000
Otisville, NY 10963

**BLOCK, Senior District Judge:**

Defendant Kevin Moore moves for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, Moore's motion is **DENIED**.

Moore was a member of a robbery crew that targeted bank patrons as they waited in line to make deposits. *United States v. Mapp*, 170 F.3d 328, 331 (2d Cir. 1999). In November 1991, Moore, co-defendant John Mapp, and others planned and executed a robbery. *Id*. at 332. They robbed Theodore Severides while he was waiting in line at a bank to make a deposit. *Id*. Moore approached Severides from behind, grabbed his bag, and when Severides turned around, Moore shot and killed

him. *Id.* Moore later admitted to his crew that he had not intended to shoot Severides, but that if the crew continued to commit robberies, "that was going to happen eventually." *Id.* Of further note, Moore committed this robbery and murder after absconding from a work release program he had been participating in following a different robbery. Sentencing Tr., 21:12, May 14, 1997.

Following trial, Moore was convicted of one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of murder in aid of racketeering, in violation of 18 U.S.C. § 1959. The Court sentenced Moore to life imprisonment. Dkt. No. 118.

On October 29, 2020, Moore filed a *pro se* motion for compassionate release. He argued that he was entitled to relief for two reasons: (1) he suffered from illnesses and health conditions, including diabetes, hypertension, and obesity, that put him at elevated risk of COVID-19; and (2) he had substantially rehabilitated himself, including by completing various educational programs, such as victim impact workshops and classes and mental health programs.

This Court denied his motion in a November 30, 2020 electronic order, explaining

> The Court has reviewed the parties' submissions and considered all their arguments. Upon due consideration, the Court has determined that there are no extraordinary or compelling reasons that permit Defendant Kevin Moore's release at this time. In the alternative, the Section 3553(a) factors do not support releasing a defendant who committed murder while on work-release from a prior term of incarceration.

2

Having now served over 28 years of his life sentence, Moore, proceeding *pro se*, again moves for compassionate release. He offers four grounds that he contends constitute extraordinary and compelling reasons warranting compassionate release. The Court addresses each in turn, concluding that none suffice.

First, Moore contends that his family circumstances justify a sentence reduction; specifically, because his aging mother requires his care. U.S.S.G. § 1B1.13(b)(3) provides that the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" can constitute an extraordinary and compelling reason. However, as Moore himself acknowledges, he has a sister who is able to care for their mother. Although Moore posits that she cannot provide all the daily care his mother requires because the sister lives in Brooklyn and the mother lives in Queens, this alone does not constitute an extraordinary and compelling reason because Moore would not be the "*only* available caregiver." *Id.* (emphasis added).

Second, Moore contends that his diabetes, hypertension, and obesity, along with his advancing age (he was 59 when he made the motion) constitute extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b)(1) provides that a terminal illness or serious medical condition can provide a basis for compassionate release. None of his conditions, however, rise to the serious level envisioned by the

3

Guidelines. There is no indication that he suffers from a terminal illness, that his medical conditions cannot be managed effectively in prison, or that his ability to care for himself has been substantially diminished as a result of his medical issues. *See id*. Accordingly, Moore's medical conditions do not present any extraordinary and compelling reasons justifying compassionate release.

Third, Moore argues that a sentencing disparity between himself and his co-defendant Mapp supports a sentence reduction. It is true that the Court granted Mapp's motion for compassionate release. *United States v. Mapp*, 467 F. Supp. 3d 63, 64 (E.D.N.Y. 2020). However, Mapp and Moore's circumstances are distinguishable for the following reasons: (1) Mapp was not convicted of murder; (2) Mapp was sentenced to 450 months' imprisonment (of which he had served 312 months at the time of his motion), rather than life; and (3) Mapp was a few years shy of eligibility for release to a halfway house, whereas no such eligibility is forthcoming for Moore. Because of the differences in culpability and sentence length between Moore and Mapp, the fact that Mapp was granted compassionate release does not constitute an extraordinary and compelling reason to also grant compassionate release to Moore.

Fourth, Moore contends that his substantial rehabilitation justifies a reduction in sentence. He again highlights the programs he has completed. Moore now also serves as an instructor for the Department of Labor sponsored "Roots of

4

Success" program, where he mentors and teaches other inmates. The Court commends Moore for his efforts. It is admirable that Moore is using his life sentence to try to help other inmates. However, rehabilitation alone cannot constitute an extraordinary and compelling reason, and Moore has not produced any other extraordinary and compelling reasons justifying relief. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d).

For the foregoing reasons, Moore has not established any extraordinary and compelling reasons justifying a sentence reduction. Moore's motion is therefore denied.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 13, 2026