UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-against-

KEVIN MOORE,

Defendant.

**MEMORANDUM AND ORDER**
Case No. 1:95-cr-01162-FB-2

*Appearances:*
*For the Government:*
SAMANTHA ALESSI
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 1120

*For the Defendant:*
KEVIN MOORE, *pro se*
46077-053
Federal Correctional Institution Otisville
P.O. Box 1000
Otisville, NY 10963

**BLOCK, Senior District Judge:**

Defendant Kevin Moore moves for reconsideration of the Court's February 13, 2026 memorandum and order denying his motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 188. For the following reasons, Moore's motion is **DENIED**.

Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). The Second Circuit has explained that "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Instead, "a party may move for reconsideration and obtain relief only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013).

Moore has not satisfied this standard. He presents no new evidence, change in law, clear error, or manifest injustice warranting reconsideration. Moore contends that, in its prior order, the Court analyzed each of Moore's grounds for relief individually, but that the Court should instead consider his grounds together, and that the totality of the circumstances justify a reduced sentence. As the Court made clear in its prior order, Moore did not establish any "extraordinary and compelling reason" justifying compassionate release. Whether considered together or individually, Moore's asserted reasons do not warrant a sentence reduction.

Moore further contends that he was sentenced under a mandatory Sentencing Guidelines framework that no longer applies, and he should thus be granted a sentence reduction. *See United States v. Booker*, 543 U.S. 220 (2005). Moore's recommended sentence, however, would be no different under current Guidelines. Under the then-applicable Sentencing Guidelines, the base offense level on Moore's 18 U.S.C. § 1959 conviction was 43, which provided a guidelines sentence of life imprisonment. U.S.S.G. §§ 2E1.3, 2A1.1 (Nov. 1991). Under current Guidelines, Moore's 18 U.S.C. § 1959 conviction provides a base offense level of 12 or the offense level applicable to the underlying offense. U.S.S.G. § 2E1.3 (Nov. 2025). The underlying offense was felony murder under New York state law. *United States v. Mapp*, 170 F.3d 328, 335 (2d. Cir. 1999), and because the nature that offense was murder "committed in the perpetration of . . . robbery," it corresponds to federal first degree murder. 18 U.S.C. § 1111(a). This provides a base offense level of 43, and a guidelines sentence of life imprisonment, U.S.S.G. § 2A1.1, precisely the sentence imposed. The Court already considered and rejected Moore's application to make a downward departure from the Guidelines at his original sentencing. Dkt. No. 99, Dkt. No. 95,

2

Sent. Tr. May 7, 1997. Moore provides no reason to believe his sentence would be different if imposed today; accordingly, a sentence reduction is not warranted. *See* U.S.S.G. § 1B1.13(b)(6) (sentence reduction may be warranted where there is a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed").

   For these reasons, Moore's motion for reconsideration is **DENIED**.

**SO ORDERED.**

            _/S/ Frederic Block_____
            FREDERIC BLOCK
            Senior United States District Judge

Brooklyn, New York
April 7, 2026

3